# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANK HARDZOG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-597-STE |
| | ) |
| THE COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (EAJA). (ECF No. 19). Specifically, Plaintiff seeks an award of fees in the amount of $4,863.00 (ECF No. 26 & 27). Defendant objects to any award of fees, arguing that her position was "substantially justified." The Court rejects Defendant's argument and **GRANTS** an award of fees to Plaintiff in the amount of **$4,828.00.**

## I. ATTORNEY FEES AUTHORIZED UNDER EAJA

EAJA entitles a prevailing party to recover reasonable attorney fees from the government "'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Al–Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). The test for "substantial justification" is one of "reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). In other words, "the government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, (1988).

"The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden v. Bowen*, 851 F.2d 1266, 1268 (10th Cir. 1988); *see* 28 U.S.C. § 2412(d)(2)(D) (explaining that the "position of the United States" is "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."). The burden rests with the government to prove that its position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987).

## II.  PLAINTIFF IS THE PREVAILING PARTY

Previously, the Court ordered: (1) reversal of the Commissioner's decision denying Plaintiff's application for disability insurance benefits and (2) a remand for further administrative proceedings (ECF Nos. 17 & 18). The reversal was based on the ALJ's failure to specify the frequency of the "sit-stand" option which had been allowed in the RFC. (ECF No. 17:4-9). With the reversal and remand, Mr. Hardzog is considered the "prevailing party" for purposes of EAJA. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). Thus, the only issues are whether the government's position was "substantially justified" and whether any special circumstances exist which would prevent an award of benefits.

## III.  PLAINTIFF IS ENTITLED TO AN AWARD OF BENEFITS

In the administrative decision, the ALJ had concluded that Mr. Hardzog could perform light, unskilled work with the added restriction of needing to "occasionally sit/stand at the workstation" "without a loss of productivity." (TR. 29). But as noted by the Court, the RFC was silent regarding how often Plaintiff would have to change positions to not lose productivity. (ECF No. 17:6). The omission was critical, because with the

2

restriction, the Vocational Expert (VE) stated that Plaintiff could perform only unskilled work, which the SSA has stated is "particularly structured so that a person cannot ordinarily sit or stand at will." (ECF No. 17:6) (citing SSR 83-12, 1983 WL 31253, at *4 (Jan. 1, 1983)).

In defense of the Commissioner's position as "substantially justified," Defendant argues that the Court improperly relied on SSR 96-9p in reaching its decision. (ECF No. 21:4-7). SSR 96-9p explains that for an individual who is capable of doing sedentary work, "[t]he RFC assessment must be specific as to the frequency of the need to alternate sitting and standing and the length of time needed to stand." SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996). In the Order reversing the Commissioner's decision, the Court noted that SSR 96-6p, as written "is specifically applicable to sedentary work and the RFC in the present case limited Plaintiff to less than a full range of light work." (ECF No. 17:5). Even so, the Court concluded that 96-9p was relevant to Mr. Hardzog's case based on the definition of light work which required a "good deal of walking or standing, or . . . sitting most of the time,"[1] and the fact that the Tenth Circuit had applied the ruling to cases involving light work under similar circumstances. (ECF No. 17:4-5).

According to Defendant: (1) "the ALJ actually found a higher exertional RFC than the full range of light work" and (2) the ALJ's use of a VE eradicated any outstanding issue with regard to the frequency with which Plaintiff needed to alternate positions. (ECF No. 21:6-7). Neither of the Commissioner's arguments substantially justify Defendant's position. First, contrary to Defendant's argument that the ALJ found an RFC for more than the full range

---

[1] 20 C.F.R. § 404.1567(b).

of light work, the ALJ specifically stated that Mr. Hardzog could: "[P]erform light work as defined in 20 C.F.R. 404.1567(b) [with additional restrictions]." (TR. 29). Second, as noted by the Court in the Order of reversal, "the VE's testimony cannot provide substantial evidence to support the ALJ's decision" because the hypothetical question to the VE "lack[ed] key facts," namely the frequency with which Plaintiff would need to alternate positions in order to not lose productivity. In addition, Defendant fails to acknowledge a key part of the Court's decision—that regardless of whether SSR 96-9p applied, SSR 83-12 did apply, because the ALJ found that Plaintiff was limited to performing only unskilled work. As stated, SSR 83-12 specifically requires that in cases involving unskilled work, resolution of the sit-stand frequency is required. SSR 83-12, at *4.

In defense of applying SSR 96-6p, only to cases involving only sedentary work, Defendant argues that "courts have long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer" and "courts grant an agency's interpretation of its own regulations considerable legal leeway." (ECF No. 21:6) (internal citation omitted). But in doing so, Defendant has refused to acknowledge the applicability of SSR 83-12, as explained in the Court's Order. This legal error prevents the Court from concluding that the Commissioner's position was substantially justified.

## IV. AMOUNT OF RECOVERABLE FEE

Defendant did not meet her burden of proof to show that the government's position was substantially justified. Further, the undersigned knows of no special circumstances which would make an award of attorney fees unjust. Thus, the only

4

remaining issue concerns the reasonableness of the fee requested.

Plaintiff seeks an attorney fee award of **$4,863.00**, calculated as follows: 21.30 hours of work performed by his attorney in 2016 and 2017 at a rate of $192.00 per hour ($4,089.60) and 7.10 hours of paralegal work performed in 2016 and 2017 at a rate of $110.00 per hour ($781.00). (ECF No. 19-1). Mr. Mitzner has provided a detailed breakdown of time expended in representing Mr. Hardzog, and the undersigned finds that this uncontroverted statement reflects a reasonable amount of time for this matter. However, an award under EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A).

Mr. Mitzner has requested an upward adjustment of the statutory rate for attorney fees and has provided supporting documentation in the form of a letter dated March 24, 2016, from the Office of the General Counsel of the Social Security Administration. (ECF No. 20-1). However, contrary to Mr. Mitzner's claim regarding an authorized hourly rate of $192.00, the letter shows that for 2016, the authorized maximum hourly rate for attorney work in Oklahoma was $190.00. (ECF No. 20-1). The letter does not indicate the authorized maximum hourly rate for 2017, but the Court finds that the hourly rate for 2017 should also be $190.00, as that amount had been authorized in 2016 and the two prior years. *See* ECF No. 20-1. Thus, Mr. Hardzog is entitled to an upward adjustment of the hourly attorney fee to $190.00 per hour. For 21.3 hours of attorney work, this amount would equal $4,047.00. Additionally, Plaintiff is entitled to recover paralegal fees at prevailing market rates. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008).

Plaintiff has submitted the hourly paralegal rate as $110.00 for 2016 and 2017 and Defendant has not objected. Therefore, the Court concludes that this hourly rate is within the acceptable prevailing market rate and that Plaintiff should recover paralegal fees in the amount of $781.00.

The Court therefore finds that Plaintiff is entitled to a total attorney fee award in the amount of **$4,828.00.** Said fee is payable to Plaintiff. See *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010). If attorney fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

## ORDER

The Court **GRANTS** Plaintiff's Motion for Attorney's Fees **(ECF No. 19)** in the amount of **$4,828.00**.

ENTERED on March 28, 2017.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE